## POLLOCK v. TURPIN.

*Semble,* Court of Common Pleas.  1807.

*Wells' Notebook, 364.*

*Robinson* and *Horsey* for plaintiff. *Cooper* and *Hall* for defendant.

PER CURIAM. If the articles enumerated in the declaration, which the plaintiff alleges he left in the house, were not taken by the defendant, it was in his power to have shown what he did take; and he not having done this, it is fair to presume that the list is correct. The lease was made for $45 for one year and terminated in March last. The distress was made in September. We consider it not the duty of the plaintiff to show that there was no rent due at the time of the distress. It was incumbent upon the defendant to have shown that there was rent due. If there was no rent due, the year not having expired, and no proof of the rent being payable quarterly, the distress was irregular and subjects the landlord to an action of trespass. The defendant alleges that when the tenant left the premises an attachment issued, and that he adopted this measure to save himself. If there was any rent due, it was secured under the Act of Assembly [1 Del.Laws 202], provided it did not exceed one year's rent. As to damages, the Act of Assembly [2 Del.Laws 1148], in case of distress and sale gives double damages, and the jury would be bound to give as damages double the amount of the goods distrained. It has been doubted whether defendant is liable to double damages where there is no sale, but in an action of this kind jury may give exemplary damages. If the jury [believe] this case such a one, they may give damages adequate to the injury sustained.

Jury gave high damages.